
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN - 8 2005

JAMES W. McCORMACK, CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DENNIS FULTS     PETITIONER

vs.     Civil Case No. 2:05CV00091 HLJ

LINDA SANDERS, Warden,
FCI, Forrest City, Arkansas     RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

Now before the court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Dennis Fults, an inmate of the Federal Correctional Institution in Forrest City, Arkansas. Petitioner entered a guilty plea on January 21, 2005, in the United States District Court for the Southern District of Illinois to the charge of concealment of assets in violation of 18 U.S.C. § 152(A), and received a sentence of eighteen months imprisonment, with three years of supervised release. He challenges the Bureau of Prisons' (BOP) interpretation of 18 U.S.C. § 3624(c),[1] the statute that

---

[1] That statute provides as follows:

c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

governs the transfer of inmates to community correctional centers (CCCs) prior to release from imprisonment. He states the Bureau of Prisons (BOP) has decided he should only receive CCC placement for the last ten percent of his term of imprisonment, which amounts to forty seven days, under a rule invalidated in <u>Elwood v. Jeter</u>, 386 F.3d 842 (8th Cir. 2004). He also argues the application of the rule to him violates the <u>Ex Post Facto</u> Clause of the Constitution.

As explained by the court in <u>Elwood</u>, prior to December of 2002, the BOP considered § 3624(c) in conjunction with 18 U.S.C. § 3621(b),[2] and interpreted the two statutes to allow inmates to serve any or all of their sentences in CCCs, since it considered

---

[2] Section 3621(b) provides as follows:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau ... that the Bureau determines to be appropriate and suitable, considering--

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing commission pursuant to section 994(a)(2) of title 28. In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

2

CCCs "places of imprisonment." It transferred eligible inmates to CCCs to serve the last six months of their sentences, regardless of what percentage of the sentence this six months represented. Id. at 844. On December 13, 2002, the Office of Legal Counsel of the U.S. Department of Justice issued a Memorandum, notifying the BOP its CCC placement policy was inconsistent with its statutory grant of authority under § 3624(c) and § 3621(b), apparently because, even though it had the authority to choose an inmate's place of imprisonment under § 3621(b), a CCC did not constitute a "place of imprisonment" as required by § 3621(b). Id. The Office of Legal Counsel concluded the BOP's authority to transfer inmates to CCCs came solely from § 3624(c), which limited pre-release custody to "a reasonable part, not to exceed six months, of the last 10 per centum of the term." Id. On December 20, 2002, the BOP instituted a policy consistent with the findings in the Memorandum, and began releasing eligible inmates to CCCs only in connection with pre-release programs and only for the last ten percent of their terms, not to exceed six months. Id. at 845. Under this policy, Elwood qualified for only four months in a CCC, whereas under the old policy he would have been eligible for the full six months period.

The Elwood court reviewed the BOP's interpretation of the statutes under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984), and found that, under § 3621(b) the BOP can transfer prisoners to CCCs at any time and

3

that, although "§ 3624(c) does not require placement in a CCC, it obligates the BOP to" formulate a plan of pre-release conditions that facilitates the prisoners' transition from the prison system, which may include transfer to a CCC[3] for six months or more, home confinement, drug or alcohol treatment, "or any other plan that meets the obligation of a plan that addresses the prisoner's reentry into the community... to the extent practicable." Id. at 845, 847. The case returned to the district court and the Magistrate Judge entered an order on January 3, 2005, directing that, pursuant to the Eighth Circuit's findings,

> Respondent shall: (a) consider, in good faith, transferring Petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 policy; and (b) place Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable.ftn3
>
> ftn3. This duty shall not extend beyond the last six months of Petitioner's sentence. Elwood v. Jeter, 386 F.3d 842, 846-47.

Elwood v. Jeter, NO. 2:03CV202 (E.D. Ark. Apr. 7, 2005). Court records indicate Petitioner appealed this order, but the Eighth Circuit affirmed.

---

[3] Both parties in the Elwood case agreed CCCs are "places of imprisonment" under § 3621(b), which as the Eighth Circuit noted, was "a departure from the Office of Legal counsel's position, as well as the position of many courts that have upheld the policy." 386 F.3d at 846 n. 2.

4

Respondent argues here that Petitioner's claim is governed by a regulation that went into effect on February 14, 2005, at 28 C.F.R. § 570, which provides as follows:

> **§ 570.20 What is the purpose of this subpart?**
> (a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.
> (b) As discussed in this subpart, the term "community confinement" includes Community Corrections Centers (CCC) (also know as "halfway houses") and home confinement.
>
> **§ 570.21 When will the Bureau designate Inmates to community confinement?**
> (a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten per cent of the prison sentence being served, not to exceed six months.
> (b) We may exceed these time frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. 3621(e)(2)(A)), or shock incarceration program (18 U.S.C. 4046(c)).

(Respondent's Exhibit attached to the Response).

Respondent declares this rule does not conflict with Elwood, because the limitation does not come from § 3624(c). The BOP, now conceding it has discretion under § 3621(b) to transfer inmates to CCCs at any time, characterizes this regulation as a "categorical exercise" of that discretion, and states it "will continue to evaluate [the] factors [in § 3621(b)] when making individual designations to appropriate Bureau facilities, and this rule will

5

not adversely affect such individualized determinations." (Attachment to Respondent's Response).

This court does not doubt the BOP, in implementing the statutes governing placement of inmates, can "rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority." Lopez v. Davis, 531 U.S. 230, 244 (2001). In Lopez, the Court upheld a BOP regulation excluding offenders who had possessed a firearm during their offense from participating in the early release program established under 18 U.S.C. § 3621(e)(2)(B). "The Bureau is not required continually to revisit 'issues that may be established fairly and efficiently in a single rulemaking proceed.... The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early-release decision'" Id.

As a District Court in the Eastern District of New York has observed, however,

> [h]ere, rather than merely delineate the boundaries of its discretion consistent with congressional intent as in Lopez, the February 2005 Rule removes all discretion in all cases in determining whether to transfer an inmate to a CCC at any time prior to the last ten percent of the inmate's sentence. While BOP has the authority to clarify the contours of its discretionary authority as it relates to certain classes of issues, this court is unconvinced that BOP may categorically remove its entire ability to exercise its discretion, where, as here, the enabling statute provides specific factors relevant to whether CCC

6

placement may be appropriate prior to the last ten percent of a prisoner's sentence.

* * *

Although Section 3621(b) sets forth several factors intended to inform BOP's decision-making with regard to CCC placement prior to the last ten percent of an inmate's sentence, unlike the rule promulgated in Lopez, the February 2005 Rule in no way furthers or interprets these factors.

Pimentel v. Gonzalez, ____ F.Supp.2d ____, 2005 WL 1023479, *8 (E.D.N.Y May 3, 2005). The court further found the legislative history for § 3621(b) "calls on the agency to consider" the factors set forth in the statute and concluded that the "February 2005 Rule fails because it in no way relates to or considers these factors with regard to transfer to a CCC."[4] This court agrees. While the

---

[4] No circuit court of appeals has ruled on the validity of the February 2005 regulation. As the court in Pimentel noted,

> [The] BOP's efforts to remedy the infirmities in the December 2002 Policy by promulgating a rule declaring a categorical exercise of discretion with respect to CCC placement has thus far met with mixed success. To date, one district court has upheld the February 2005 Rule and three district courts have determined that the Rule is invalid. Compare Yip v. Federal Bureau of Prisons, 363 F.Supp.2d 548 (E.D.N.Y.2005) (Gershon, J.) (upholding BOP's authority to categorically exercise its discretion concerning CCC transfer) with Drew v. Menifee, No. 04 Civ. 9944, 2005 WL 525449 (S.D.N.Y. Mar. 4, 2005) (Pitman, J.) (February 2005 Rule invalid); United States v. Paige, Nos. CR 04-007, CV 04-247, 2005 WL 949317, --- F.Supp.2d ---- (D.Mont. Apr. 22, 2005) (same); Cook v. Gonzales, No. 05 Civ. 09, 2005 WL 773956 (D.Or. April 5, 2005) (same).

In addition, the same day Pimentel was decided, the District Court for the Southern District of New York decided Wiesel v. Menifee, 2005 WL 1036297 (S.D.N.Y. May 2, 2005), in which the court, specifically disagreeing with Drew, upheld the regulation but found its application to petitioner violated the Ex Post Facto Clause.

7

BOP labeled the rule a "categorical exercise of discretion" it did not exercise its discretion at all. It merely re-packaged the December 2002 blanket rule that was rejected in Elwood. In light of these findings, there is no need to address the Ex Post Facto claim.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, granted. Respondent is directed to (a) consider, within twenty days and in good faith, transferring Petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 policy; and (b) placing Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months.

SO ORDERED this 8/7 day of June, 2005.

United States Magistrate Judge

**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
UNITED STATES POST OFFICE & COURTHOUSE
600 WEST CAPITOL AVENUE, ROOM 521
LITTLE ROCK, ARKANSAS 72201-3325

HENRY L. JONES, JR.
UNITED STATES MAGISTRATE JUDGE

OFFICE: (501) 604-5170
FAX: (501) 604-5177

June 8, 2005

Mr. E. Fletcher Jackson
United States Attorney's Office
425 West Capitol Avenue, Suite 500
P.O. Box 1229
Little Rock, AR 72203-1229

> Re: <u>Fults v. Sanders</u>
> Case No. 2:05CV00091

Dear Mr. Jackson:

Attached is a recommended disposition of this case, which has been prepared by this office and submitted to United States District Judge George Howard, Jr.

Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual and legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received by the United States District Court Clerk within eleven (11) days from the date of this letter. The copy will be furnished to the opposing party. Failure to submit timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the district judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the magistrate judge is inadequate.

2. Why the evidence to be proffered at the hearing before the district judge (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

3. The details of any testimony desired to be introduced at the hearing before the district judge in the form of an offer of proof, and a copy, or the original, of any documentary or other nontestimonial evidence desired to be introduced at the hearing before the district judge.

Mr. Fletcher Jackson
June 8, 2005
Page 2

From this submission, the district judge will determine the necessity for an additional evidentiary hearing, either before the magistrate judge or before the district judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite 402
>   Little Rock, Arkansas 72201-3325

Sincerely,

*/s/ Henry L. Jones, Jr.*

Henry L. Jones, Jr.
United States Magistrate Judge

HLJJr:bs
Enclosure

cc: Honorable George Howard, Jr.
United States District Judge

Mr. Dennis Fults
Reg. No. 02419-025
FCI Forrest City
P.O. Box 9000
Forrest City, AR 72336-9000